UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STANISLAW SIEROTOWICZ, MARIA
SIEROTOWICZ

       Plaintiffs,

  - against -

STATE OF NEW YORK DIVISION OF
HOUSING AND COMMUNITY RENEWAL,
and LOS SURES MANAGEMENT COMPANY
       Defendants.
------------------------------------------------------------X
STANISLAW SIEROTOWICZ, MARIA
SIEROTOWICZ

       Plaintiffs,

  - against -

STATE OF NEW YORK DIVISION OF
HOUSING AND COMMUNITY RENEWAL,
and ST. NICHOLAS NEIGHBORHOOD
PRESERVATION CORPORATION

       Defendants.
------------------------------------------------------------X
STANISLAW SIEROTOWICZ, MARIA
SIEROTOWICZ

       Plaintiffs,

  - against -

STATE OF NEW YORK DIVISION OF
HOUSING AND COMMUNITY RENEWAL,
NORTH BROOKLYN DEVELOPMENT CORP.
and PEOPLE'S FIREHOUSE
       Defendants.
------------------------------------------------------------X

       MEMORANDUM & ORDER
       04-CV-3886 (NGG) (LB)

       04-CV-3887 (NGG) (LB)

       04-CV-3888 (NGG) (LB)

GARAUFIS, United States District Judge.

      Pro se plaintiffs Stanislaw and Maria Sierotowicz filed the above-captioned actions

seeking money damages and injunctive relief against the New York State Division of Housing and Community Renewal ("NYDHCR") and several Brooklyn, New York community housing organizations. The plaintiffs assert that these housing organizations discriminated against them in denying various housing applications submitted by the plaintiffs, and that NYDHCR violated numerous federal statutes in distributing federal funds to housing organizations engaged in discrimination. NYDHCR now moves to dismiss the allegations against the state agency in each of the plaintiffs' amended complaints, asserting that these suits are barred by the Eleventh Amendment to the United States Constitution, and that the plaintiffs have failed to set forth a prima facie case of housing discrimination. I do not reach the question of whether the plaintiffs' amended complaints properly allege housing discrimination because it is clear that the claims against NYDHCR are barred by the Eleventh Amendment, and therefore must be dismissed for lack of jurisdiction.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." By its explicit terms, the language of the Eleventh Amendment applies only to suits brought against a state by a citizen of another state. However, the Supreme Court has repeatedly held that the Eleventh Amendment also bars citizens of a state from bringing suit in federal court against their own state. See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 72-73 (2000); College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 669-670 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 15 (1890). By extension, this bar also applies to suits which name state agencies, rather than the State itself,

as defendants. See, e.g., Alabama v. Pugh, 438 U.S. 781, 782 (1978). Thus, the practical effect of the Eleventh Amendment in modern Supreme Court jurisprudence is that, unless Congress has explicitly abrogated the States' sovereign immunity with respect to a particular cause of action, "nonconsenting States may not be sued by private individuals in federal court." Bd. of Trs. of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001). Moreover, Congress' power to abrogate state sovereign immunity is not absolute. Rather, Congress may abrogate state sovereign immunity only where it acts pursuant to the powers conferred upon the legislative branch by the Fourteenth Amendment. Seminole Tribe, 517 U.S. at 65, 72.

The State of New York has not consented to suit in federal court for violations of this kind. Nor do any of the statutes cited by the plaintiffs abrogate the States' sovereign immunity from suit in the courts of the United States.[1] Courts have clearly rejected the premise that 42 U.S.C. §§ 1981, 1983, 1985 and 1986 act to abrogate state sovereign immunity. See Quern v. Jordan, 440 U.S. 332, 345 (1979) (Congress did not abrogate state sovereign immunity in enacting 42 U.S.C. § 1983)[2]; Fincher v. State of Florida Dep't of Labor & Employment Sec., 798 F.2d 1371, 1371 (11th Cir. 1986) (same as to Section 1985); True v. New York State Dep't of

---

[1] The Eleventh Amendment, as the plaintiffs correctly note, does not apply to qui tam suits brought under the False Claims Act because in such suits, the Federal Government is the real party in interest. See, e.g., United States ex rel. Kreindler & Kreindler v. United Technologies Corp., 985 F.2d 1148, 1154 (2d Cir. 1993). However, in light of the plaintiffs' failure to comply with any of the procedural steps set forth for qui tam suits in 31 U.S.C. § 3170(b), this court declines to allow the plaintiffs to move forward with this case as qui tam relators suing on behalf of the United States.

[2] Moreover, "[n]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Accordingly, any claims brought pursuant to this statute would have to be dismissed even if the Eleventh Amendment did not bar the plaintiffs' claims against NYDHCR.

Corr. Servs., 613 F. Supp. 27, 31 (W.D.N.Y. 1984) (same as to Section 1985); Coger v. Connecticut, 309 F. Supp. 2d 274, 281 (D. Conn. 2004) (same as to Section 1981); Ammann v. Connecticut, No. 3:04 Civ. 1647, 2005 U.S. Dist. LEXIS 2841, at *4 (D. Conn. Feb. 10, 2005) (citing Seibert v. Oklahoma, 867 F.2d 591, 594 (10th Cir. 1989), abrogated on other grounds by Federal Lands Legal Consort. ex rel. Robart Estate v. United States., 195 F.3d 1190 (10th Cir. 1999)) (same as to Section 1986). 28 U.S.C. § 1343 similarly has no effect on state sovereign immunity. Quern, 440 U.S. at 342. The plaintiff's assertion of jurisdiction under 28 U.S.C. § 1331 also is ineffective in these circumstances, as the bare fact that a case implicates a federal question does not override state sovereign immunity. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3524 ("The Eleventh Amendment bar cannot be overcome simply because [a] case satisfies the requirements of . . . federal question jurisdiction."). Courts have similarly rejected the contention that the FHA abrogates sovereign immunity. Gregory v. S.C. DOT, 289 F. Supp. 2d 721, 724-25 (D. S.C. 2003) (citing Welch v. Century 21 Chimes Real Estate, Inc., No. 90 Civ. 3410, 1991 U.S. Dist. LEXIS 2411, at *3-4 (E.D.N.Y. 1991)).

Other statutes cited by the plaintiffs cannot possibly be read as abrogating state sovereign immunity, though no court appears to have had the opportunity to decide the issue squarely. The Federal Tort Claims Act acts as a limited waiver only of the Federal Government's own sovereign immunity; it thus has no effect on the sovereign immunity of the States. None of the various federal fraud statutes, including wire fraud, mail fraud and bank fraud, were enacted pursuant to Congress' powers under Article V of the Fourteenth Amendment, and therefore could not permissibly abrogate state sovereign immunity even if they purported to have that effect,

4

which they do not. The same is true for the several federal conspiracy statutes.[3]

Since New York has not waived its sovereign immunity with respect to suits of this type and Congress has not abrogated its sovereign immunity with respect to any of the civil causes of action cited by the plaintiffs, the Eleventh Amendment presents a complete bar to the claims brought by the plaintiffs against NYDHCR. Accordingly, the claims against NYDHCR in the three above-captioned suits are hereby dismissed.

SO ORDERED.

Dated: June 14, 2005 　　　　　　　　　　　\_\_\_\_\_/s/_____
　　　　Brooklyn, N.Y. 　　　　　　　　　　　Nicholas G. Garaufis
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] There is, of course, no general federal civil fraud or conspiracy cause of action. The federal criminal statutes cited by the plaintiffs provide a basis for a civil suit only under sharply limited circumstances, as with a civil RICO suit brought under 18 U.S.C. § 1964, none of which are met here.