UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STANISLAW SIEROTOWICZ, MARIA
SIEROTOWICZ

       Plaintiffs,

- against -

STATE OF NEW YORK DIVISION OF
HOUSING AND COMMUNITY RENEWAL,
and LOS SURES MANAGEMENT COMPANY
       Defendants.
------------------------------------------------------------X
STANISLAW SIEROTOWICZ, MARIA
SIEROTOWICZ

       Plaintiffs,

- against -

STATE OF NEW YORK DIVISION OF
HOUSING AND COMMUNITY RENEWAL,
and ST. NICHOLAS NEIGHBORHOOD
PRESERVATION CORPORATION

       Defendants.
------------------------------------------------------------X
STANISLAW SIEROTOWICZ, MARIA
SIEROTOWICZ

       Plaintiffs,

- against -

STATE OF NEW YORK DIVISION OF
HOUSING AND COMMUNITY RENEWAL,
NORTH BROOKLYN DEVELOPMENT CORP.
and PEOPLE'S FIREHOUSE
       Defendants.
------------------------------------------------------------X

<u>ORDER</u>
04-CV-3886 (NGG) (LB)

04-CV-3887 (NGG) (LB)

04-CV-3888 (NGG) (LB)

GARAUFIS, United States District Judge.

    On June 14, 2005, I issued an Order dismissing plaintiffs' various claims against

defendant New York State Division of Housing and Community Renewal ("NYDHCR") in all three of the above-captioned cases on Eleventh Amendment grounds. On June 24, 2005, the plaintiffs moved for reconsideration of the June 14 Order, asserting, *inter alia*, that this Order invalidated numerous Acts of Congress, denied the plaintiffs due process of law, and that they should be permitted, based on their pro se status, to amend or supplement their complaint to add a *qui tam* claim under the False Claims Act, 31 U.S.C. § 3730.

The plaintiffs' motion for reconsideration is denied. The Eleventh Amendment simply does not permit private individuals to sue a state agency in federal court. That fact neither invalidates any Congressional statute nor denies these plaintiffs due process of law.

However, the plaintiffs' motion to amend their original pleading in order to properly present their False Claims Act claim is granted. "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint. Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course." Oliver Sch. Inc., v. Foley, 930 F.2d 248, 253 (2d Cir. 1991) (internal citations and quotation marks omitted). Here, the defect in the plaintiffs' False Claims Act allegations could be cured if the plaintiffs were to adhere to the stringent procedures set forth for *qui tam* relators in 31 § 3730(b). Moreover, since the plaintiffs' motion to amend has been made without delay following the dismissal of the original complaint, which itself occurred at a very early point in this litigation, any prejudice to the defendants flowing from the plaintiffs' filing of an amended complaint will be minimal.

Accordingly, the plaintiffs' motion to amend their original complaint must be, and hereby is, granted. The plaintiffs' amended complaint must be served upon the Department of Justice in accordance with Rule 4(i) of the Federal Rules of Civil Procedure and with this court within

thirty (30) days of the date of this Order if the plaintiffs wish to pursue their proposed claims under the False Claims Act.

SO ORDERED.

Dated: ~~July 15~~ 8/29, 2005
Brooklyn, N.Y.

/s/ _____
Nicholas G. Garaufis
United States District Judge