UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

MARIA SIEROTOWICZ and
STANISLAW SIEROTOWICZ,

                Plaintiffs,

   -*against*-

NEW YORK STATE DIVISION OF
HOUSING AND COMMUNITY RENEWAL;
ST. NICHOLAS NEIGHBORHOOD
PRESERVATION CORP.,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**
**04-CV-3887 (NGG)**

GARAUFIS, United States District Judge:

In September 2004, Plaintiffs Maria and Stanislaw Sierotowicz ("Plaintiffs") commenced this action against the New York State Division of Housing and Community Renewal ("DHCR") and St. Nicholas Neighborhood Preservation Corp. ("St. Nicholas" or "Defendant"). Plaintiffs allege that St. Nicholas, a non-profit community-based housing organization located in Brooklyn, discriminated against them in denying various housing applications submitted by plaintiffs and that the DHCR violated numerous federal statutes in distributing federal funds to housing organizations engaged in discrimination. By order dated April 9, 2007, the court granted DHCR's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Plaintiffs have filed an opposition to the motion. For the reasons set forth below, Defendant's motion for judgment on the pleadings is DENIED.

## I. BACKGROUND

Plaintiffs allege that Defendant discriminated against them in their housing applications based on "age, sex, national origin, familial status, including 'unexplained housing discrimination and harassment'" in violation of the Fair Housing Act and other federal statutes. (Complaint ("Compl.") at 11, 15.) Plaintiffs admit they were offered apartments in 1999 and 2003 by Defendant. (Compl. at 14.) However, they argue that the offers were not suitable for their family size. (Compl. at 14-15.) Thereafter, Plaintiffs allege that they were removed from the "master waiting list" and "deprived of ... housing assistance from [St. Nicholas]" ... because Plaintiff Maria Sierotowicz "opposed defendant's unlawful housing practices." (Compl. at 20-21.) On September 8, 2003, "Plaintiffs filed [a] housing discrimination complaint against the defendant with the U.S. Department of Housing and Urban Development, Equal Housing Opportunity [HUD/EHO]." Compl. at 6. "On March 11, 2004, plaintiffs received a dismissal and right to sue letter from the HUD/EHO." (Compl. at 6.) On September 3, 2004, Plaintiffs filed the instant action in this court.

## II. DISCUSSION

Under Rule 12(c), a court must determine whether "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 12(c); Burns Int'l Sec. Serv., Inc. v. Int'l Union, United Plant Guard Workers of Am., 47 F.3d 14, 16 (2d Cir. 1995). The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. See Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006). In order to survive such a motion, plaintiffs must allege enough facts in their complaint "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). If they instead "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

The court must confine its "consideration . . . to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Leonard F. v. Israel Disc. Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (quoting Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)). Where, as here, the plaintiffs are proceeding pro se, the court is obliged to read their papers liberally, and will interpret them "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994); see also McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).

In a similar complaint filed by plaintiffs against defendant New York City Housing Authority, the United States Court of Appeals for the Second Circuit held that:

> Although lengthy and confusing, the complaint in this case provides notice to defendants that they are charged with discriminating against the plaintiffs on account of their familial status, gender, and disability. ("Alleged discrimination is based . . . upon . . . plaintiff[s'] family composition . . . , gender . . . and plaintiff's previous false record of mental disability." "Defendant' NYCHA treated and still does treat her as a disabled person (incompetent)." "[D]efendant' NYCHA stereotypes' consideration based on sex, gender, adult children with parents."). Under the standards of Swierkiewicz, the complaint adequately pleads a violation of the pertinent anti-discrimination laws. See 42 U.S.C. § 3604(b) (making it unlawful "[t]o discriminate against any person in the . . . rental of a dwelling, . . . because of race, color, religion, sex, familial status, or national origin"); id. § 3604(f) (prohibiting discrimination based on a disability); 24 C.F.R. § 982.304 (noting that a recipient of public housing assistance may file a claim for "discrimination because of race, color, religion, sex, national origin, age, familial status or disability"). We therefore vacate the district court's dismissal of the discrimination claims.

See Sierotowicz v. NYC Housing Auth., et al., Case No. 06-2041-cv, 2007 U.S. App. LEXIS 1781 at *2-5 (2d. Cir. Jan. 25, 2007). Here, Plaintiffs make similar allegations of housing discrimination against Defendant. Although the complaint is equally as lengthy and confusing as in their prior case against the New York City Housing Authority, "[u]nder the standards of Swierkiewicz, the complaint adequately pleads a violation of the pertinent anti-discrimination laws" against Defendant.

3

See Sierotowicz, 2007 U.S. App. LEXIS 1781 at *4. In Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510-15 (2002), the Supreme Court held that in order to plead discrimination adequately, the plaintiff need not include reference to evidence sufficient to support the claim. As there is no heightened pleading requirement for suits alleging discrimination, the Court must accept as true Plaintiffs' allegations of housing discrimination. In the instant action, Plaintiffs have put Defendant on notice of their claims and the grounds upon which they rest pursuant to Fed. R. Civ. P. 8, and the claim is plausible on its face. See Twombly, 127 S. Ct. At 1974. Therefore, it is sufficient to withstand Defendant's motion. See e.g., Cleveland, 448 F.3d at 524 (vacating decision granting Rule 12(c) motion to dismiss Fair Housing Act claim brought by tenants).

## III. CONCLUSION

Accordingly, Defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is DENIED. This case has been consolidated for purposes of discovery with the following cases: Sierotowicz v. NYC Housing Authority, No. 04-CV-3148 (NGG)(LB); Sierotowicz v. Los Sures Mgmt Co., No. 04-CV-3886 (NGG)(LB); Sierotowicz v. North Brooklyn Develop., Corp., People's Firehouse, No. 04-CV-3888 (NGG)(LB). The parties are instructed to comply with the discovery schedule set forth by the Honorable Lois Bloom, United States Magistrate Judge.

SO ORDERED.

Dated: June 16, 2007
Brooklyn, New York

/signed/
NICHOLAS G. GARAUFIS
United States District Judge

COPIES SENT TO:

HON. LOIS BLOOM, United States Magistrate Judge

Maria Sierotowicz
and Stanislaw Sierotowicz
189 Ross Street, Apt, #3C
Brooklyn, NY 11211

*Plaintiffs Pro Se*

Jeffrey C. Chancas
Borah, Goldstein, Altschuler, Schwartz & Nahins PC
377 Broadway
New York, NY 10013
*Attorney for Defendant St. Nicholas Neighborhood Preservation Corp.*

5